19 So.2d 146
**STATE v. DURASO,**
No. 37498.
June 26, 1944.

S. R. Thomas and C. B. McClung, both of Natchitoches, for appellant.

Fred S. LeBlanc, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., and H. L. Hughes, Dist. Atty., of Natchitoches, for appellee.

O'NIELL, Chief Justice.

The appellant was prosecuted under a bill of information charging him with a crime for which the penalty prescribed by the statute, article 34 of the Criminal Code, is imprisonment with or without hard labor, in the discretion of the judge, for a term not exceeding ten years. He elected to be tried by the judge without a jury, and was convicted and sentenced to imprisonment in the parish jail for ninety days.

The only question presented is tendered by an assignment of errors filed in this court. The complaint is that the defendant was not informed by the court at the time of his arraignment that he might waive his right to a trial by jury and elect to be tried by the judge, and that this failure of the judge so to inform the defendant was a violation of articles 259 and 339 of the Code of Criminal Procedure. The defendant makes his assignment of errors more specific by quoting from article 339 of the Code of Criminal Procedure that he did not "expressly waive" his right to a trial by jury.

Article 259 of the Code of Criminal Procedure provides that in cases where the punishment prescribed by the statute is imprisonment with or without hard labor,

in the discretion of the court, the defendant shall be informed by the court at the time of his arraignment that he may waive his right to a trial by jury and elect to be tried by the judge alone. And article 339 provides that in cases in which the penalty prescribed by the statute is imprisonment with or without hard labor, in the discretion of the judge, the trial shall be by a jury of five members "unless the accused expressly waive trial by jury."

█ The complaint in this case that the judge failed to inform the defendant at the time of the arraignment that he might waive his right to a trial by jury and elect to be tried by the judge alone is a matter of no importance in view of the fact that the defendant, on the advice and in the presence of his attorney, did at the time of his arraignment waive his right to a trial by jury and did elect to be tried by the judge.

█ The complaint that the defendant did not at the time of his arraignment "expressly waive trial by jury", as provided in article 339 of the Code of Criminal Procedure, is not well founded because the minutes of the court disclose that at the time when the defendant was arraigned he was accompanied by his attorney, and waived arraignment, pleaded not guilty and waived his right to be tried by a jury. We cannot imagine how a defendant could more plainly or expressly waive his right to be tried by jury, and elect to be tried by the judge alone, than by waiving arraignment, pleading not guilty, and, without protest, going to trial before the judge alone. It is not necessary that the minutes

of the court in such a case should contain the declaration that the defendant did "expressly waive trial by jury". It is sufficient if the minutes show that the defendant did in some manner manifest his desire to waive his right to be tried by a jury, and did in fact and without protest go to trial before the judge alone.

The conviction and sentence are affirmed.

**19 So.2d 147**
**STATE v. SPRINGER.**
No. 37518.
June 26, 1944.

